26181.   PRUITT v. THE STATE.

Argued November 10, 1970—Decided January 7, 1971—
Rehearing denied January 21, 1971.

*Byrd, Groover & Buford, Denmark Groover, Jr.,* for appellant.

*Fred Hasty, District Attorney, Whitney T. Evans, Jr., Richard Joneal Lee,* for appellee.

Per curiam. Murell Ray Pruitt was convicted of possession of gambling devices and the present appeal filed. Prior to arraignment a written motion to suppress certain evidence was filed and a hearing had thereon. The trial court overruled such motion and this judgment constitutes one of the enumerations of error. In the brief of the appellant (defendant in the trial court) it is stated: "The Supreme Court has jurisdiction of this case and not the Court of Appeals for the reason that the case draws in question the constitutionality of a law of this State, in that: In the motion to suppress filed by defendant he took the position that the evidence upon which the search warrant was issued was illegal in that it was obtained in violation of the Invasion of Privacy Statute of this State (*Code* § 26-3001 et seq.) and that part of that statute which sought to exempt law enforcement officers from its ·application (*Code* § 26-3004 (a)) was violative of the Constitution of this State. This case would ordinarily be within the jurisdiction of the Court of Appeals in that it is a misdemeanor criminal case. In the motion to suppress evidence, however, one of the bases of the appellant's contention that the evidence was illegally gathered and the search warrant was illegal is based on appellant's contention that the provision of the Invasion of Privacy Act of the State of Georgia which seeks to exempt law enforcement officers is unconstitutional and void. All other questions in the case could be decided by the Court of Appeals and the case could be decided in favor of appellant without that question being passed on, as will be pointed out in the argument. However, appellant brings the question to this court because in the view of counsel the case cannot be *affirmed* on the constitutionality of that portion of that statute."

Since it is always the duty of a court to inquire into its jurisdiction on its own motion where there is doubt (*Williams v. State,*

217 Ga. 312 (122 SE2d 229), an examination of the question referred to the appellant's brief is necessary to determine if this court has jurisdiction of the appeal in a case otherwise within the jurisdiction of the Court of Appeals.

The defendant filed a motion to suppress certain evidence as having been illegally obtained. Such a motion is permitted under the Act of 1966 (Ga. L. 1966, pp. 567, 571; *Code Ann.* § 27-313). One ground of the motion contended that the evidence on which the search warrant had been issued was illegally obtained because the police officer who observed the evidence (slot machines and liquor) had done so in a "private place" in violation of *Code Ann.* § 26-3001 (b) and that the exception found in *Code Ann* § 26-3004 exempting law enforcement officers from its operation is unconstitutional for various reasons.

In *Gay v. Lewis,* 215 Ga. 317 (109 SE2d 646), it was said; "In *Brockett v. Maxwell,* 200 Ga. 213 (4) (36 SE2d 638), Justice Candler, speaking for the court, said: 'A constitutional question which bears no reasonable relation to the case in hand could not be considered as determining jurisdiction. The question must at least be so related to the particular case that a decision thereon will be necessary unless its all become unnecessary because of rulings on other questions raised.' See also *Florida State Hospital v. Durham Iron Co.,* 192 Ga. 459 (15 SE2d 509). In the instant case, a decision on the constitutional question can never become necessary because such decision could not affect the rights of the party attempting to raise such question. In *Wade v. Hopper,* 209 Ga. 802 (76 SE2d 403), a question identical to that in the instant case was presented. It was there held that no constitutional question was presented because the constitutional attack was upon Acts of the General Assembly which did not affect the rights of the party raising the question of the constitutionality of the Acts in question. The case was transferred to the Court of Appeals. it therefore follows, under the rulings above made and the cases cited, no constitutional question is presented in the instant case."

The Code section allegedly violated by the law enforcement officers in observing the alleged contraband provides: "It shall be unlawful for . . . any persons to go on or about the premises of another or any private place for the purpose of invading the privacy of another by eavesdropping upon their conversations or se-

cretly observing their activities." This same law (*Code Ann.* § 26-3009) defines "private place" as "a place where one is entitled to reasonably expect to be safe from casual or hostile intrusion or surveillance." Another section of the Criminal Code (§ 26-401 (M)) defines "public place" as "any place where the conduct involved may reasonably be expected to be viewed by people other than members of the actor's family or household."

Under the facts in the instant case the alleged contraband was observed in the Moss Oaks Lounge in open view of any customer, and under the undisputed evidence it was a place open to the public. Accordingly, in this case, since no observations or surveillance of a "private place" took place, no decision on the constitutionality of an Act exempting law enforcement officers from the provisions of law prohibiting unlawful eavesdropping and surveillance of "private places" could be reached and the case is one within the jurisdiction of the Court of Appeals and not this court.

*Transferred to the Court of Appeals. All the Justices concur.*