## 30052. ANDERSON v. ANDERSON.

PER CURIAM.

Appellant, pro se, filed his notice of appeal seeking review of alleged errors in a February 27, 1975, hearing on his petition to modify his child visitation rights.

1. There is no transcript of the February 27 hearing. Appellant has enumerated as error the denial of his right to a court reporter to transcribe the evidence. However, we are unable to determine whether the evidence was taken down but not transcribed, or was not taken down.

Assuming for purpose of decision that the evidence was taken down but has not been transcribed, appellant has failed in his obligation to have the transcript prepared (Code Ann. § 6-805 (c)) and filed (Code Ann. § 6-806). (His notice of appeal informed the clerk transmitting the record to this court that the transcript of hearing would not be filed because it did not exist.)

Assuming alternatively that the evidence was not taken down, appellant has failed to follow the provisions of Code Ann. § 6-805 (g) regarding transcripts prepared from recollection.

In either event, the absence of the transcript of the hearing is attributable to appellant and is not grounds for reversing the decision of the trial court.

2. Appellant's other enumeration of error is that the trial judge was prejudiced and limited appellant's presentation of evidence. Appellant states in his brief that

the trial court terminated the hearing by refusing to hear argument as to a provision of a prior visitation order prohibiting appellant from writing letters to the children or giving them sex education or furnishing them sex manuals or paraphernalia.

A trial judge has discretion to control the conduct of a custody hearing. He may rule certain evidence to be inadmissible and certain argument to be out of order. He may find the parties or lawyers to be in contempt. His rulings adverse to an appellant, although they may be error when considered on appeal, do not demonstrate prejudice.

This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 17, 1975 — DECIDED SEPTEMBER 12, 1975.

Paul K. Anderson, Jr., *pro se.*

*Sutherland, Asbill & Brennan, John A. Chandler,* for appellee.