## 51861. GODWIN et al. v. THE STATE.

PANNELL, Presiding Judge.

The defendant was indicted for shoplifting. Upon the trial of the case, defense counsel requested that the case be reported, and a court reporter was summoned and reported the case. The court reporter billed the defendant $225 for reporting the case. Defense counsel then filed a "Motion for Court Reporter's Cost to be Paid by State." A hearing was held on the motion, and the trial judge denied defendant's motion and ordered the defendant to pay the statement of the court reporter. Appellant appeals the judgment of the trial court ordering her to pay the reporter fees.

Upon the hearing on defendant's motion, the defense attorney and the state's attorney gave statements concerning the defendant's request for a court reporter upon the trial of her case. The attorney for the state stated that the defense attorney not only requested that the case be reported but also told the court that the defense was willing to pay for having the case reported. Defense counsel stated that he was a complete "blank" concerning any offer to pay for the cost of reporting the case.

1. Appellant urges error in the trial court's overruling his motion to tax the cost of reporting the case against the county. "In all misdemeanor cases, the trial judge *may in his discretion* require the reporting and transcribing of the evidence and proceedings *on terms prescribed by him.*" (Emphasis supplied.) Ga. L. 1965, pp. 18, 24 (Code Ann. § 6-805 (b)). "In all cases, civil or criminal, any party may as a matter of right have the case reported at his own expense." Ga. L. 1965, pp. 18, 26 (Code Ann. § 6-805 (j)).

In the present case, the trial judge ordered the proceedings recorded pursuant to a request by defense counsel. The trial judge determined that the cost thereof should be paid by the defendant. We believe that this determination was within the sound discretion of the trial judge to prescribe the terms by which misdemeanor cases are to be reported.

2. The Code provides for county payment of the cost of reporting felony cases. See Code § 27-2401 and §

24-3104.[1] There is no similar provision for payment of recording costs in misdemeanor cases. Appellant argues that she is denied equal protection under the law as a misdemeanor defendant in not having the costs of reporting paid by the state in a misdemeanor case. She argues that the statutory procedure which allows for the payment of recording costs in felony cases and not in misdemeanor cases is violative of due process and equal protection.

Although appellant's argument is tantamount to an attack on the constitutionality of Code § 24-3104, jurisdiction of this appeal is not in the Supreme Court. "An attack upon a statute as being unconstitutional will not vest jurisdiction of an appeal in the Supreme Court (in a case otherwise in the jurisdiction of the Court of Appeals) where a favorable ruling on such attack would not affect the rights of the party attempting to raise such question." *Pruitt v. State,* 227 Ga. 188 (179 SE2d 339). In the present case, even if the statute providing for the payment of recording costs in felony cases was declared unconstitutional, this would not affect the outcome of appellant's case. Declaring the statute unconstitutional would only take away the provision allowing for the payment of recording testimony in all felony cases. Such a determination would not create a provision for county or state payment of recording testimony in misdemeanor cases. Accordingly, a determination of the constitutional question is not necessary since it would not affect the rights of the party attempting to raise such question.

3. Appellant argues that the trial judge erred in ordering payment of reporter fees in excess of $30 per day. She contends that Code § 24-3104 controls the amount of fees which can be charged for recording a criminal case. Code § 24-3104 provides for the compensation of the reporter "for taking down testimony in the trial of *such criminal cases as are required by law to be recorded. . . "*

---

[1] Code § 24-3104 was repealed by Ga. L. 1975, pp. 852, 853. At the time of the hearing in this case, Code § 24-3104 was still in effect. It is the procedure provided by Code § 24-3104 which appellant contends is unconstitutional.

This provision is not applicable to a private contract between an individual defendant and a court reporter for the recording of a case which is not required by law to be recorded. Such was the situation in the present case. Accordingly, the trial court did not err in failing to limit the reporter fees to $30 per day.

4. Appellant's enumeration of error number 2 is abandoned.

*Judgment affirmed. Evans and Marshall, JJ., concur.*

SUBMITTED MARCH 1, 1976 — DECIDED MARCH 15, 1976.

*Dunaway & Perry, Marson G. Dunaway, Jr.,* for appellants.

*F. Larry Salmon, District Attorney, Robert D. Englehart,* for appellee.