## 52844. WILLIAMS v. THE STATE.

MARSHALL, Judge.

Appellant Williams was tried and convicted at a bench trial upon an accusation for theft by taking of property of a value of less than $100, a misdemeanor offense. He was sentenced to serve twelve months. In this appeal, Williams enumerates as error the denial of his right to counsel at trial, as well as the alleged failure of the trial court to advise him of the necessity of a transcript in order to perfect an appeal or of the requirement that appellant would have to provide a reporter in order to transcribe a record if he eventually desired to make an appeal.

At his trial held in the Criminal Court of Fulton County on May 26, 1976, the record reflects that Williams waived arraignment, a list of witnesses, benefit of counsel, copy of the accusation and entered a plea of not guilty. This waiver is signed by one signing as Reginald Williams and opposite that signature appears the written signature of one Phil Davis purporting to be "defendant's attorney." The trial court entered its finding of guilty and sentenced appellant to confinement for twelve months. Appellant tacitly admits in his brief that he was advised of his right to appeal. There is no transcript in this case. *Held:*

Ordinarily we would dispose of a case such as this by observing that in order to consider the errors enumerated, this court must have before it a transcript. The absence of a transcript in such a case requires the judgment below be affirmed. *Pastis v. Haverty Furniture Co.,* 134 Ga. App. 9 (213 SE2d 161); *Martin v. Britts Home Furnishings,* 137 Ga. App. 360 (223 SE2d 757). However, appellant raises as error the failure of the trial court to advise him that in the absence of a transcript prepared by a reporter

furnished by appellant, the result above mentioned was inevitable. He furthers his argument by observing that a defendant proceeding pro se cannot be assumed to have such an acquaintance with the law; thus, he contends in the absence of appropriate advice by the trial court the rights accorded an accused are for all practical purposes nugatory. Appellant then concludes his argument by asserting that though the state provides these remedies as a matter of right upon the trial of a felony offense, the law is disparate in relation to a misdemeanor offense and thereby places an impossible burden upon the misdemeanor defendant.

Ga. L. 1965, pp. 18, 24 (Code Ann. § 6-805) in part (a) provides in substance that in all felony cases, a transcript of evidence and proceedings shall be reported and prepared, whereas in part (b) it states that in all misdemeanor cases, the trial judge may, in his discretion, require the reporting and transcribing of the evidence and proceedings. That Code section in part (j) provides that in all cases a party may, as a matter of right, have the case reported at his own expense. Finally, in part (g) the section provides that where a transcript has not been prepared by a reporter, the parties to the trial may, upon agreement, prepare an admissible record from recollection.

Appellant's primary complaint seems to be that without the aid of counsel he could not intelligently exercise his rights in the absence of clarification of his rights by the trial judge. In the absence of a transcript we are unable to accept at face value the appellant's assertion that he proceeded to trial without the benefit of any legal assistance, particularly where that assertion is denied by the state in its brief. *Wilson v. Walker,* 139 Ga. App. 145, 146. The record before us reflects that a defense counsel apparently was present for some period of time during the trial process. That attorney's name and signature appear on the record. Further the record reflects that appellant waived his right to the benefit of counsel. For aught that the record shows, counsel may have been present at the time appellant was advised of his rights to counsel or the right to appeal and thereafter waived these rights. When faced with the bare assertion of the appellant that he was

forced to trial without the benefit of counsel, where he does not deny that he was advised that he had a right to counsel, and the record reflects that counsel was for some period of time present and the appellant waived the benefits of counsel, we will rely upon the assertions of waiver shown in the record before us. If appellant wished to establish that the record as it appears was in error he should have availed himself of the right of construction of the record from recollection under Code Ann. § 6-805 (g), supra. In any event, the absence of the transcript of the hearing is attributable to appellant. *Anderson v. Anderson,* 235 Ga. 115 (218 SE2d 846).

Insofar as sua sponte advice by the trial court of the mechanics of perfecting an appeal are concerned, we believe this is a problem better addressed to the legislative branch rather than to the judicial. As a matter of law, whether or not a transcript is to be prepared in a misdemeanor case initially lies within the sound discretion of the trial court. Absent a demand for a transcript prepared at the expense of the requesting party, the reporting of such a case is not demanded by law. *Godwin v. State,* 138 Ga. App. 131, 133 (225 SE2d 723). There being no demand by appellant, we will not conclude that he has been denied a transcript of his misdemeanor conviction (*Dixon v. Caldwell,* 228 Ga. 658, 659 (2) (187 SE2d 292)). He has sat on his right to furnish a recollected record. *Anderson v. Anderson,* 235 Ga. 115, supra. In the absence of a violation of a substantive constitutional right, we will not saddle upon the trial courts of this state a sua sponte duty to foresee and advise an accused of potential procedural remedies available to the accused in the event the case takes some particular turn. In the absence of any cognizable prejudicial error, we affirm the judgment of the court below.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

Submitted October 12, 1976 — Decided October 21, 1976.

*William T. Brooks,* for appellant.
*Hinson McAuliffe, Solicitor, James L. Webb, Frank*

90

*A. Bowers, Assistant Solicitors,* for appellee.