## 54081. THOMPSON v. THE STATE.

MARSHALL, Judge.

The defendant appeals from his conviction of misdemeanor theft by taking. *Held:*

1. The first enumeration of error is allowing the defendant to be tried on a new accusation, which was filed on the day of, but prior to, the trial, without the defendant's having been (1) notified of the existence of the new accusation, (2) given notice of arraignment, or (3) arraigned on the new accusation. Related to this is the third enumerated error, viz., allowing the solicitor to nolle prosequi the original accusation (on which the defendant had been arraigned) without an examination of the case in open court and without any notice to and/or consent of the accused or his counsel.

Code § 27-1801 provides in part, "After an examination of the case *in open court,* and before it has been submitted to the jury, the district attorney [or solicitor] may enter a nolle prosequi with the consent of the court." (Emphasis supplied.) The requirement that the nolle prosequi be entered "after an examination of the case in open court," would appear to be for the purpose of protecting the interests of both the accused and the state, by making all the proceedings be conducted openly in the courtroom in the presence of the judge, the prosecutor, the accused, defense counsel, and anyone else who legitimately may be present, rather than covertly, clandestinely, and behind the scenes, so as to conceal, or at least give the appearance of concealing, the fact and the true purposes of such proceedings. This principle has its roots in the historical revulsion toward and reaction to the

ill-famed Star Chamber of antiquity, in which the accused was little more than a pawn at the hands of the realm, which could arbitrarily and privately strip him of his life, liberty, or possessions.

The apparent purpose of the redrafted accusation was to correct the allegation as to the ownership of the property alleged to have been stolen, in order to comply with the provisions of Code § 27-103 and Code Ann. § 27-103.1 (Ga. L. 1962, p. 668). (The two accusations are identical with the exception that ". . . property of Cook's Dept. Store" was amended to ". . . property of Cook's United, Incorporated.") This alleged deficiency had been attacked by the defendant's amended motion to quash and/or dismiss the accusation, which was filed at the beginning of the trial. For a discussion of the evils of last-minute amendments of accusations, see *Sutton v. State,* 54 Ga. App. 349 (188 SE 60) (1936).

Assuming, as the appellant contends, that he had no notice of the existence of the amended accusation, was its filing for this purpose, not in open court and without notice, harmful error? It is undisputed that the defendant was arraigned on the original accusation. "The purpose of arraignment being to put the defendant on notice as to the charge against which he must defend, the only formal arraignment necessary is reading the indictment to the accused and the entering of his plea of not guilty." *Clark v. State,* 138 Ga. App. 266, 271 (7) (226 SE2d 89) (1976) and cits. The original accusation sufficiently put the defendant on notice as to the charge against which he must defend. Since the only contended deficiency in the *form* of the accusation was its alleged noncompliance with the requirements of Code §§ 27-103 and 27-103.1, since the trial judge overruled the defendant's motion after the new accusation had been filed, and since the defendant does not contend that the new accusation is also defective, the substitution of the new accusation was harmless error, even though, or even if, the defendant did not realize that it had been filed.

Furthermore, there is a dispute as to whether the defendant was arraigned on the new accusation. The state contends that he was; the defendant that he was not. There is some question as to whether a rearraignment

was required in a situation such as this, where the new accusation was in reality merely an amendment of the original one. Assuming that this was required, the state maintains that the defendant was arraigned on the new accusation, that he pleaded not guilty, that the new accusation was constantly passed between the solicitor and defense counsel during the trial, and that no objection was ever raised to its validity until after the notice of appeal was filed in this court (at which time the appellant contends he discovered the existence of the new accusation for the first time in a telephone conversation with the clerk of the trial court). Even if the defendant was not formally arraigned on the new accusation as he contends, however, it has been held that he waived formal arraignment when he moved to quash or dismiss the indictment. *Baskin v. State,* 137 Ga. App. 840, 841 (1) (225 SE2d 77) (1976).

Because the trial was not reported for reasons discussed in Division 2 hereinbelow, it cannot be determined whether in fact the defendant was properly arraigned. In absence of the transcript it is assumed that the proper procedure was followed. Even if it was not, as we have shown hereinabove, there was no harmful error under the circumstances. Enumerations of error 1 and 3 are without merit.

2. The second enumerated error was the failure to make available a court reporter upon the defendant's request upon the call of the case for trial, and the ruling that defense counsel was required to have made advance arrangements with the court in order to have a court reporter available for the reporting of the trial.

"Ga. L. 1965, pp. 18, 24 (Code Ann. § 6-805) in part (a) provides in substance that in all felony cases, a transcript of evidence and proceedings shall be reported and prepared, whereas in part (b) it states that in all *misdemeanor* cases, the trial judge may, *in his discretion,* require the reporting and transcribing of the evidence and proceedings. That Code section in part (j) provides that in all cases a party may, as a matter of right, have the case reported at his own expense. Finally, in part (g) the section provides that where a transcript has not been prepared by a reporter, the parties to the trial may, upon

agreement, prepare an admissible record from recollection . . . If appellant wished to establish that the record as it appears was in error he should have availed himself of the right of construction of the record from recollection under Code Ann. § 6-805 (g), supra. In any event, the absence of the transcript of the hearing is attributable to appellant. *Anderson v. Anderson,* 235 Ga. 115 (218 SE2d 846) [1975] . . . As a matter of law, whether or not a transcript is to be prepared in a misdemeanor case initially lies within the sound discretion of the trial court. Absent a demand for a transcript prepared at the expense of the requesting party, the reporting of such a case is not demanded by law. *Godwin v. State,* 138 Ga. App. 131, 133 (225 SE2d 723) [1976]." (Emphasis supplied.) *Williams v. State,* 140 Ga. App. 87, 88-89 (230 SE2d 94) (1976). In *Savage v. Savage,* 234 Ga. 853, 854-855 (218 SE2d 568) (1975), in spite of the statutory (Code § 24-3102) duty of the court reporter to attend *all* sessions of the court, the Supreme Court held that this duty did not apply in *civil* trials, which are not required to be reported, and recognized the long-standing "practice in this state for counsel to arrange, in advance of [civil trials]. . . for a reporter to be present to take down the evidence *if it is desired to be done.*" (Emphasis supplied.) *Savage,* supra, p. 855. Since misdemeanor trials, as civil trials, are not required to be reported, it follows that such advance arrangement is necessary in misdemeanor trials, as the trial judge here noted.

Furthermore, when the defendant moved for the case to be reported at the beginning of the trial and the trial judge denied the motion on the ground of no prior arrangements having been made, the defendant might be deemed to have waived any objection to the ruling by proceeding with the trial without having made a motion for continuance in order to obtain a reporter, either the court-appointed one or one of his own choosing. See *Massey v. State,* 127 Ga. App. 638 (194 SE2d 582) (1972) (in which, however, a request for a reporter had been made the day prior to the trial). Although the defendant asserts that he moved for a mistrial on this ground on the second day of the trial, the trial judge was authorized to find that he had waived his objection by letting the first

day of the trial proceed unreported and by failing to move for a continuance. This enumerated error is without merit.

3. Enumeration of error 4 is the denial of the appellant's amended motion to quash and/or dismiss the accusation. The two grounds of the amended motion were (1) that the justice of the peace who issued the arrest warrant was not a "neutral and detached magistrate" in that he had a pecuniary interest in issuing the warrant in that he was entitled to collect a fee therefor under the provisions of Code § 24-1601 (as amended by Ga. L. 1967, p. 469), and (2) that the affidavit and arrest warrant upon which the accusation is predicated are not in compliance with the requirements of Code Ann. §§ 27-103 and 27-103.1.

As to the first ground above, the appellant urges as controlling, the case of Connally v. Georgia, — U. S. — (97 SC 546, 50 LE2d 444) (1977), which reversed the Supreme Court of Georgia. *Connally v. State,* 237 Ga. 203 (227 SE2d 352) (1976). The Connally case, however, involved a search warrant, not an arrest warrant, as is involved in the case sub judice. No attack was made on the constitutionality of either Code § 24-1501, which gives justices of the peace criminal jurisdiction in issuing arrest warrants, or Code Ann. § 24-1601, supra, which entitles justices of peace to specified fees for issuance of arrest warrants. Furthermore any such constitutional attack would have to be reviewed by the Supreme Court of Georgia, which has jurisdiction of such issues. Moreover, the appellant asserts and the state denies that justices of the peace in Spalding County keep records of arrest warrants issued by them and then bill the county for each one issued. In the absence of a transcript, it can not be determined whether there was any evidence adduced as to this issue; hence, the appellant has failed to carry his burden of showing reversible error as to this issue. Evidence as to this issue, submitted for the first time in this court via supplemental brief, can not be considered on appeal.

As to the second ground, an examination of the affidavit of the warrant reveals that all of the facts required by Code Ann. §§ 27-103 and 27-103.1 are

included with the exception of the time of commission, which is "a mere technical defect and does not void the warrant." *Courtenay v. Randolph,* 125 Ga. App. 581, 582 (1) (188 SE2d 396) (1972). Regarding the fact of "the ownership of the property alleged to have been stolen, or the person from whose possession it was taken," this is required by § 27-103 to be stated "as far as practicable." The statement that the property was taken "from Cook's Dept. Store" was, in our opinion, a practical statement of ownership or possession, inasmuch as it appears to be the name by which the store does business. Certainly the amended or new accusation, which the defendant had in the courtroom and referred to and which specified the correct corporate name of the owner, contained a sufficient designation of ownership. This enumerated error is without merit.

4. Enumeration of error 5 is the denial of the defendant's motion, filed 4 days before the trial, for examination of tangible evidence, namely, the items allegedly stolen by him. The appellant admits that he talked with the prosecutrix in this case on December 7, 1976, at which time she told him that she had had the stolen goods in a bag in her possession since the day of the defendant's arrest. He complains that he was permitted to examine the evidence only minutes before the trial, and that he had wanted to have the evidence sent to the state crime lab to be tested for latent fingerprints, to prove that the defendant had never had the allegedly stolen items in his possession. No explanation is offered for waiting until only 4 days before the call of the case for trial to attempt to examine this evidence. Since there is no provision in Georgia law for discovery in criminal cases, since the state had no burden of having the evidence sent to the crime lab, and since the state had an interest in protecting the evidence and its chain of custody for use at the trial, no error appears from these facts. Nor was the state bound to turn over the evidence to the defendant by cases exemplified by Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Those cases impose a duty on the state "to disclose to the defendant evidence that is either exculpatory or material, noncumulative and favorable to his defense." *Clark v. State,* 138 Ga. App. 266,

272 (8) (226 SE2d 89) (1976). The existence of the evidence (the allegedly stolen items) was not concealed from the defendant in this case.

Moreover, there was undoubtedly more evidence adduced upon which the conviction was based, as the state contends. Since the issue raised by this enumeration requires a consideration of the evidence, and since no transcript of the evidence or of the hearing on the defendant's motion is in the record, the ruling on the motion must be affirmed. See *Key v. Hobbs,* 133 Ga. App. 863 (212 SE2d 496) (1975) and cits.

5. The sixth and final enumeration of error is that the judgment on the verdict was contrary to the law and evidence in the case. Inasmuch as the only arguments made as to this issue deal with errors previously enumerated and ruled on hereinabove, and since a consideration of the evidence is precluded by the absence in the record of a transcript, we must rule that this enumeration is also without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JUNE 7, 1977 — DECIDED JUNE 30, 1977 — REHEARING DENIED JULY 15, 1977 — ▮▮▮▮▮▮▮▮

*Richardson, Chenggis & Constantinides, George G. Chenggis, Thomas H. Knuth,* for appellant.
*John T. Newton, Jr., Solicitor,* for appellee.