## 54853. WILLIAMS v. THE STATE.

McMurray, Judge.

Defendant was convicted on the misdemeanor charges of selling beer without a license and of selling whiskey without a license. A motion for new trial was filed, predicated on the general grounds and "[b]ecause Agent Miller was not required to give the name of his alleged informer." When the matter came on for hearing no order was taken, allowing the defendant more time to perfect his motion. The matter came on for a hearing again and at that time it appeared that no trial record had been prepared and that the proper order had not been obtained extending the time for preparation of the trial record. The motion for new trial was dismissed.

Defendant appeals, contending the court abused its discretion in dismissing the motion for new trial. Defendant's brief states as factual assumptions that the court before whom the motion for new trial was presented is the same court before whom the case was tried and the same court had indicated at the second hearing on the motion for new trial that it was familiar with the facts of the case. Defendant argues that the court had all the necessary evidence before it to make a determination on the merits of the case and that it was an abuse of discretion to dismiss the motion for new trial rather than hearing the motion prior to preparation of the trial record as authorized by Code Ann. § 70-301 (Ga. L. 1965, pp. 18, 30; 1973, pp. 159, 167). *Held:*

Defendant's argument is predicated upon a factual assumption that the court, before whom the motion for new trial was argued, is the same court before whom the case was tried and that this same court sufficiently recalled the evidence presented at the trial so as to be capable of following argument on the motion without the benefit of trial record. No evidence appears in the record

before this court to support the factual assumptions upon which defendant's argument is predicated. Those factual representations appear only in defendant's brief and therefore may not be considered by this court. Inasmuch as this court will not rule on contentions on review where the record fails to show the facts upon which the contentions are founded, we affirm the lower court. *Stone v. Ridgeway,* 136 Ga. App. 264, 267 (2) (220 SE2d 722).

Even if the factual representations of defendant were taken as true the absence of the transcript of the hearing is attributable to defendant. "As a matter of law, whether or not a transcript is to be prepared in a misdemeanor case initially lies within the sound discretion of the trial court. Absent a demand for a transcript prepared at the expense of the requesting party, the reporting of such a case is not demanded by law. *Godwin v. State,* 138 Ga. App. 131, 133 (225 SE2d 723)." *Williams v. State,* 140 Ga. App. 87, 89 (230 SE2d 94). The record here shows no demand by defendant for the preparation of transcript at his expense, and defendant has failed to furnish a recollected record. *Anderson v. Anderson,* 235 Ga. 115 (218 SE2d 846).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED OCTOBER 31, 1977 — DECIDED NOVEMBER 17, 1977.

*Bonzo C. Reddick,* for appellant.
*Andrew J. Ryan, III, District Attorney, Kathryn M. Aldridge, Assistant District Attorney,* for appellee.