## 32816. THOMPSON v. THE STATE.

NICHOLS, Chief Justice.

We granted certiorari in this case to pass on the question of whether a defendant in a misdemeanor case is required to make advance arrangements for a court reporter if he desires the trial to be recorded.

Earl G. Thompson appealed his conviction for shoplifting to the Court of Appeals asserting as error the failure of the trial court to make a court reporter available upon his request. After the case had been called for trial, the defendant requested that the trial be reported. The trial court refused to comply with this request because the defendant had not made prior arrangements with the court. In affirming the trial court's decision, the Court of Appeals relied on *Savage v. Savage,* 234 Ga. 853 (218 SE2d 568) (1975) which held that advance notice was

required if a party intended to use a court reporter to record interlocutory divorce and alimony hearings and hearings on applications for contempt orders. The court concluded that since misdemeanor cases, as civil ones, were not statutorily required to be reported, the rationale in *Savage* applies and advance notice is required.

Although we recognize that the Court of Appeals' holding would seem to be a logical extension of the *Savage* decision, we must reverse. When a defendant in a misdemeanor case asks that the case be recorded at his expense, the court must make sure that the court reporter is available to comply with the request. The *Savage* decision did not deal with a full scale trial but rather with an interlocutory hearing on some of the issues raised in a divorce proceeding.

Code Ann. § 24-3102 provides that judges of superior and city courts shall appoint court reporters, and that it shall be the duty of those reporters "to attend all sessions of the court for which he is appointed . . ." Code Ann. § 24-2105a, which pertains to reporting of trials in courts below the superior court level, provides: "Court reporting personnel shall be made available for the reporting of civil and criminal trials in said courts, subject to the laws governing the same in the superior courts of the State." Finally, Code Ann. § 6-805 (j) provides: "In all cases, civil or criminal, any party may as a matter of right have the case reported at his own expense."

These statutes do not put a duty upon a defendant who is charged with a misdemeanor to insure prior to trial that the court reporter is complying with his statutory duty to attend court sessions; when a defendant is facing a potential criminal conviction with possible resulting fine or imprisonment, we cannot read such a duty into these statutes.

Further, a duty to make advance arrangements for a reporter cannot be imposed upon a defendant merely because of "long established practice" in the state. See *Savage,* supra. Custom or practice not only changes with time, but also varies from local jurisdiction to local jurisdiction. "Long established practice" cannot relieve a court reporter of his or her statutory duty to attend court sessions. Code Ann. § 24-3102.

As an alternate ground for its holding, the Court of Appeals ruled that the defendant waived any error of the trial court as to the court reporter issue when he failed to move for continuance when the trial court ruled that the court reporter was unavailable. In this way the Court of Appeals distinguished *Massey v. State,* 127 Ga. App. 638 (194 SE2d 582) (1972). *Massey* held that a trial court's refusal to grant a motion for continuance to a defendant charged with a misdemeanor was reversible error. The defendant in that case had requested a court reporter one day before the trial.

Under the circumstances of this case, the defendant has preserved the trial court error for appellate review. The defendant asserts in his briefs that at the beginning of the second day of trial, after he had obtained the services of a private court reporter, he moved for a mistrial on the ground that the first day of trial had not been reported as requested. It is also asserted in his briefs that the case was not given to the jury until approximately 3 p.m. that same day. Since the state has not contradicted these statements in its brief, it is deemed to have consented to this case being decided on the facts as stated by the appellant. See Supreme Court Rule 18 (b) (1) (Code Ann. § 24-4518 (b) (1)). The defendant never agreed that the trial should go unreported; he made his objection known at the first available opportunity.

Important to our conclusion that the defendant has preserved the error for review is the fact that he moved for mistrial before the jury returned its verdict. This avoids a "built-in" reversal for failure to report a case upon request when a defendant fails to win an acquittal.

*Judgment reversed. All the Justices concur, except Marshall, J., who is disqualified.*

SUBMITTED OCTOBER 28, 1977 — DECIDED NOVEMBER 29, 1977.

*Richardson, Chenggis & Constantinides, Thomas H. Knuth,* for appellant.

*John T. Newton, Jr., Solicitor,* for appellee.