## 57381. HODGES et al. v. DOCTORS HOSPITAL.
## 57382. HODGES et al. v. BERNARD.

McMurray, Presiding Judge.

These two cases involve the wrongful death of the spouse and mother of the plaintiffs herein. Separate suits

were filed against the defendant, Doctors Hospital and the other, the defendant doctor who treated the deceased when she was brought to the hospital.

In the suit against the hospital plaintiff alleges that the defendant's agents, servants and employees negligently failed to administer proper treatment which resulted directly in the death of the decedent.

The suit against the doctor is based upon his negligent acts in treating the decedent on the occasion in which she died.

The cases were consolidated and tried by jury resulting in verdict and judgment for defendants. The judgment was signed and filed on April 19, 1978.

Thereafter, on May 19, 1978, a skeleton motion for a new trial (based on the general grounds) was filed with a rule nisi and supersedeas ordering same to be heard on June 19, 1978, with the movant having the right to prepare and present a transcript of the evidence and proceedings *at any time within 10 days after the motion is heard and determined.* The motion was not heard on that date. On July 27, 1978, counsel for defendants moved to dismiss the motion for new trial because of laches in that counsel for plaintiffs had not served the motion for new trial, had made no appearance at the time of the hearing of said motion, and no order was taken for a continuance since the rule nisi issued. In addition, movant contends no transcript of the evidence and proceedings was ordered by counsel from the court reporter who had taken down the testimony and proceedings during the trial. Movant contends that the above shows that the delay in hearing the motion for new trial is unreasonable and inexcusable, and the same should be dismissed.

After a hearing on August 28, 1978, the trial court by order dated and filed October 23, 1978, dismissed plaintiffs' motion for new trial because "the transcript of the record had not been ordered out," there had been no order authorizing a continuance and neither the plaintiffs nor their counsel had appeared for a hearing on the motion for new trial on June 19, 1978. Plaintiffs appeal.
*Held:*

1. Counsel for plaintiffs, who was not the trial counsel or the counsel who filed the motion for new trial,

contends that the plaintiffs should not be bound by the alleged unreasonable and inexcusable actions of counsel in failing to attend the hearing on the motion for new trial and in failing to procure the transcript of the evidence and proceedings with reference to this case. She contends that having been subsequently employed by plaintiffs and having filed a motion to reopen same, it was brought for good cause in that plaintiffs were unaware that the counsel filing the motion for new trial had failed to order the transcript, failed to obtain an order continuing the motion and failed to attend the original hearing of the motion. She admits that the rather expensive transcript has still not been ordered inasmuch as it would be useless unless the trial court had granted the motion to have the appeal reopened.

Attorneys of record have authority to bind their clients in any action or proceeding in court, and the client continues to be bound by the attorney of record until the record is made to indicate the discharge of such counsel. See *Rooke v. Day,* 46 Ga. App. 379 (1) (167 SE 762); *Pike v. Andrews,* 210 Ga. 553, 555 (81 SE2d 817).

2. The new trial motion having come on for hearing, and the movants having been unprepared to prosecute it or to have the trial transcript prepared (although they had until 10 days after the hearing set for June 19, 1978, to file it), and the transcript of the record and proceedings having still not been prepared, the trial court did not err in dismissing the motion for new trial because of the unreasonable and inexcusable delay of counsel in prosecuting the motion. No abuse of discretion by the court in dismissing the same based upon the laches of plaintiffs' counsel has been shown. See *Smedley v. Williams,* 112 Ga. 114 (37 SE 111); *McMullen v. Citizens Bank,* 123 Ga. 400 (1) (51 SE 342); *Lenny v. Lenny,* 235 Ga. 358 (1) (220 SE2d 1); *Gilland v. Leathers,* 141 Ga. App. 680 (234 SE2d 338); *Williams v. State,* 144 Ga. App. 42, 43 (240 SE2d 311). Compare *McDougall v. Stoner,* 134 Ga. App. 342 (214 SE2d 384), reversed in *Stoner v. McDougall,* 235 Ga. 171 (219 SE2d 138). The trial court did not abuse its discretion in dismissing the motion for new trial and in refusing to reopen the appeal.

*Judgement affirmed. Deen, C. J., and Shulman,*

*J., concur.*

ARGUED MARCH 7, 1979 — DECIDED MAY 3, 1979 —
REHEARING DENIED MAY 23, 1979 — 

*Arline S. Kerman,* for appellants.
*Zachary & Segraves, W. E. Zachary, Sr.,* for appellees.