## 62654. FRASIER v. THE STATE.

SHULMAN, Presiding Judge.

Appellant, acting pro se, was convicted of misdemeanor child abandonment in a bench trial and sentenced to serve 12 months with the confinement suspended upon the payment of monthly child support installments of $80.00. The proceeding in the lower court was not reported or transcribed. In his appeal, Fraiser maintains that the trial court abused its discretion when it failed to have the trial reported, that appellant did not knowingly and intelligently waive his right to counsel, and that the evidence presented at trial was not sufficient to support his conviction. We affirm.

1. A misdemeanor trial need not be reported unless a party requests it or the trial court, in its discretion, requires the proceedings to be transcribed. Code Ann. § 6-805 (b), (j). Appellant maintains that the trial court abused its discretion when it failed to have transcribed the trial of a legally inexperienced pro se defendant who insisted upon proceeding with the case despite his lack of counsel. We cannot agree with appellant's assertion in light of a record devoid of any evidence which demonstrates an abuse of discretion. Appellant's pro se status is not enough to label as an abuse of discretion the trial court's failure to have the trial reported. The provisions of Code Ann. § 6-805 (b) are not mandatory and the trial court was not obligated to have the case reported. *Williams v. State,* 140 Ga. App. 87 (230 SE2d 94).

2. Appellant asserts that he did not realize he had waived his right to counsel by signing a statement in which he waived a number of constitutional rights afforded a criminal defendant. At the hearing on appellant's motion for a new trial, the trial court noted that it had a practice of conducting an oral inquiry into a defendant's understanding of the rights holographically waived. The court

indicated that as a result of that inquiry, it was satisfied that appellant had known the consequences of his waiver. The dearth of evidence to the contrary results in an affirmance of the trial court on this enumeration. *Williams v. State,* 144 Ga. App. 42 (240 SE2d 311).

3. In light of the absence of a transcript of the proceedings below, this court is unable to review appellant's enumerations of error on the sufficiency of the evidence. *Williams v. State,* 140 Ga. App. 87, supra. Contrary to appellant's assertion, the trial court's statement at the hearing on the motion for a new trial does not constitute a transcript of the proceedings prepared from recollection under Code Ann. § 6-805 (g).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 6, 1982.

*Bruce Berger, Bentley C. Adams III,* for appellant.
*Hinson McAuliffe, Solicitor, George Weaver, Paul C. Mc-Common III, Assistant Solicitors,* for appellee.