66806, 66807. HUGHES v. THE STATE (two cases).

BIRDSONG, Judge.

Kevin Hughes was convicted upon two separate accusations for pointing a shotgun at another. He was sentenced to serve one year. Hughes filed a separate appeal as to the conviction in each accusation. However, he has requested that the two appeals be consolidated and treated by this court as one. We concur in this recommendation. In each appeal, Hughes has filed the same three enumerations of error.

The facts relevant to this appeal show that a friend of Hughes was engaged in a fight. When others sought to intervene in the fight, Hughes removed a shotgun from his car and allegedly pointed it at the intervenors to prevent their interference. After the fight terminated, Hughes allegedly pointed the shotgun at another ordering that person to remove his car which was blocking Hughes' car so that Hughes could leave before the police arrived. The alleged assaults occurred on December 2, 1982. Hughes was arraigned on February 18, 1983. He appeared without counsel, and though informed of his right as an indigent to have a court-appointed counsel, declined the same. Trial was set for the week of April 11 and was called on April 13, 1983.

On April 13 when the case was called for trial, the court apparently sua sponte appointed counsel to represent Hughes in the defense of the accusations. This counsel apparently did not know Hughes or any of the facts of the alleged offenses. Counsel first requested a continuance to prepare a defense. Counsel also requested that a free transcript of the proceedings be prepared because of Hughes' indigency so as to afford him an appellate review in the event of conviction. Lastly, when these motions were denied, counsel moved that he be allowed a brief recess to interview his client to become aware of the facts of the case and ostensibly (it is assumed) to allow counsel an opportunity to prepare for cross-examination of the state's witnesses. The latter motion was also denied and the case

proceeded immediately to trial. It is the denial of these motions (allegedly resulting in an inability to present an effective defense) that forms the basis of the three enumerations of error. *Held:*

1. In relation to the failure to afford Hughes a transcript of this misdemeanor trial, we find no error. OCGA § 5-6-41 (b) (Code Ann. § 6-805) provides that it lies within the discretion of the trial court to grant or deny an indigent the transcription of the trial of a misdemeanor. *Thompson v. State,* 142 Ga. App. 888, 890 (2) (237 SE2d 419), reversed on other grounds, 240 Ga. 296 (240 SE2d 87). Moreover, we have before us a reconstructed record that allows us sufficiently to be aware of the proceedings. The reconstructed transcript as such does not afford any assistance to this court in determining the effect of the denial of the grant of even a recess to appointed counsel to allow him to acquaint himself with the basic facts of the controversy; thus the denial of this motion demonstrates no prejudice.

2. The remaining two enumerations however present a much more difficult problem. There is no dispute that appointed counsel was denied a continuance to prepare his defense tactics or even a brief recess to interview his client. For all the record shows, counsel's first awareness of the facts of the two assaults came upon hearing the sworn testimony of the participants in the fight. We can assume therefore that cross-examination was conducted as a "shoot from the hip" proposition. The reconstructed record does reflect that a witness was called by the defense and that Hughes himself testified. The defense posture presented contradictory evidence and would have authorized a different verdict if believed by the trier of fact. However, there is no indication at what point in time counsel developed a defense strategy. Thus, the only reasonable conclusion is that the trial tactics were developed ad hoc as the trial proceeded.

The state argues that there was no arbitrary denial of the opportunity to prepare or present an effective defense primarily because Hughes knew for four months prior to trial the nature of the charges and the facts involved. Hughes had been affirmatively offered the assistance of counsel and declined the same. Thus the state in essence argues that Hughes waived any further right to a delay or even a brief recess. See *Duke v. State,* 104 Ga. App. 494 (1) (122 SE2d 127).

We cannot so lightly ignore the constitutional mandate that every accused is entitled to effective legal representation. We are not ignoring the well-established rule that all motions for continuance are addressed to the sound discretion of the trial court, but we cannot at the same time overlook the right of a criminal defendant to have the effective assistance of counsel at his trial. Paraphrasing the

language appearing at pp. 463-464 in the case of *Sheppard v. State,* 165 Ga. 460 (141 SE 196), we can infer from the record before us that Hughes was a stranger to the counsel who was appointed to defend him. There was a duty imposed upon counsel appointed by the court (which the legal profession has always maintained with the utmost fidelity) of defending this court-imposed client to the utmost of his ability. It might be that time for preparation and conference with the state's witnesses would have adduced facts tending to show the probability or improbability of guilt or niches of uncertainty that would lend themselves to appropriate cross-examination.

Benefit of counsel either means something or it means nothing. The promise of assistance of counsel but at the same time rendering the service ineffective is "to keep the word of promise to the ear but break it to our hope." "Peremptorily forcing one indicted for a criminal offense to trial immediately after the appointment of counsel (who was not familiar with the case) to defend him, without giving to such counsel an opportunity to make an investigation of the case or prepare for the defense, is, although no other ground for a postponement or continuance of the case be urged, cause for a new trial." *McArver v. State,* 114 Ga. 514 (40 SE 779). Whether Hughes is guilty or not, we are constrained to hold that undue haste in the administration of criminal justice is quite as much to be condemned as unnecessary delay. *Shaw v. State,* 251 Ga. 109 (303 SE2d 448); *Sheppard v. State,* supra, p. 467; *Ware v. State,* 137 Ga. App. 673, 676 (3) (224 SE2d 873).

Under the facts of this case, we hold the denial of even a brief recess to allow counsel to interview his client or become at least minimally aware of what prospects lay in store was an abuse of discretion by the trial court and constituted a denial of the right to effective representation of counsel, a right facially promised by the court's appointment but denied by actions subsequent to that appointment. See *Fair v. Balkcom,* 216 Ga. 721, 726 (119 SE2d 691).

*Judgment reversed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 14, 1983.

*Archibald A. Farrar, Jr.,* for appellant.
*David L. Lomenick, Jr., District Attorney, David L. Whitman, Roland L. Enloe, Jr., Assistant District Attorneys,* for appellee.