75028, 75029, 75030. SHERIFF v. THE STATE (three cases).
(361 SE2d 53)

BIRDSONG, Chief Judge.

The appellant John Sheriff brings these appeals from his conviction in the State Court of Houston County on three separate Uniform Traffic Citations, each alleging driving under the influence. Appellant contends the court erred in not allowing him to withdraw his pleas of guilty. *Held*:

Under OCGA § 40-6-1, it is a misdemeanor for a person to do any act forbidden by that chapter, which includes DUI. See OCGA § 40-6-391 (a). In misdemeanor cases, it is discretionary with the trial court as to whether the proceedings are transcribed. OCGA § 5-6-41 (b). No transcription of the trial is included in the record. The legislature has provided that the Uniform Traffic Citation form shall act as a citation, summons, accusation, "and as the record of the disposition of the matter by the court before which the accused is brought. . . ." OCGA § 40-13-1. Thus, since these DUI offenses are misdemeanors and the citation acts as the record, absent a demand for a transcript prepared at the expense of the requesting party, the reporting of such a case is not required as a matter of law. *Godwin v. State*, 138 Ga. App. 131 (1) (225 SE2d 723).

An appellant has the right to have a record constructed under OCGA § 5-6-41 (g). It appears that appellant has sat on his right to have a recollected record. *Anderson v. Anderson*, 235 Ga. 115 (1) (218 SE2d 846); *Williams v. State*, 140 Ga. App. 87, 89 (230 SE2d 94). On appeal the burden is on appellant to show error (*Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16)), and such error must be shown by the record (*Hancock v. Oates*, 244 Ga. 175, 176 (259 SE2d 437)); this cannot be done in the brief. *Lowery v. Horn*, 147 Ga. App. 880 (251 SE2d 840).

From the record before us, we cannot determine what type of motion was made to withdraw former pleas of guilty, when they were presented, what ruling was made, or whether waiver is involved. In short, this type error can be reviewed only by reference to a transcript and absent a transcript we must assume the ruling of the trial court is supported by the evidence. *Aviation Elec. v. U. S. Energy &c. Systems*, 242 Ga. 224 (248 SE2d 610); *Goss v. State*, 161 Ga. App. 539

(288 SE2d 253).
*Judgments affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 10, 1987.

*Alvin C. McDougald*, for appellant.
*Carl A. Veline, Jr., Solicitor*, for appellee.