## 76755. WARD v. THE STATE.
(373 SE2d 65)

Birdsong, Chief Judge.

Appellant Elwin J. Ward brings this appeal from his conviction in the Clayton County State Court of two traffic offenses. He insists that he is appearing "in Propria Persona, NOT pro se," and filed his appeal with the Georgia Supreme Court, which promptly forwarded it to this court for consideration of the enumerated errors. *Held:*

Appellant's enumerations of error, in essence, raise three principal claims of error, with 15 subsections: (1) Lack of jurisdiction of "Persons and Subject Matter," (2) Denial, by the trial court, of his "Demand for Bill of Particulars," and (3) The lack of a transcript being prepared by the trial court.

1. Appellant claims the status of "Citizen de jure . . . therefore subject to the protections and object of the national and State constitutions and laws." We have no basis in the record for or against such a claim, but assuming without deciding appellant is a citizen, we care not whether his claim is de jure, de facto, de gratia or de aequitate, as any "citizen" is entitled to all the rights and privileges enjoyed by any person under our federal and state constitutions and laws. On the basis of his citizenship claim, he asserts the State has no jurisdiction over his person "absent a breach of the peace or safety of the community or a deprivation of the life, liberty or property of another individual." This appears to be a challenge to the police power of the state.

"Police power" is a general term used to express the inherent right of every sovereign to legislate for the protection of lives, health, and property of its citizenry, and for the preservation of good order and public morals, and is not subject to any definite limitations, but is coextensive with necessities of the particular situation and safeguard of the public interest. *Hayes v. Howell*, 251 Ga. 580, 585 (308 SE2d 170); accord *Pope v. City of Atlanta*, 242 Ga. 331, 333-334 (249 SE2d 16). Under its police power the State may control generally the operation of motor vehicles upon a public highway, and any constitutional attack upon the exercise of such police power as being unconstitutional is without merit. *Lebrun v. State*, 255 Ga. 406 (1) (339

SE2d 227); *Andrew v. State*, 238 Ga. 433, 434 (233 SE2d 209). Hence, the right to operate a motor vehicle upon the public highways of this State is a qualified right which can be exercised only by obtaining a driver's license from the State. *Johnston v. State*, 236 Ga. 370, 371 (223 SE2d 808); accord *Keenan v. Hardison*, 245 Ga. 599, 602 (266 SE2d 205); OCGA § 40-5-20 (a). See *Lebrun v. State*, supra, as to no infringement upon the claim of a "common law freeman" to drive without a license.

Appellant was tried in the Clayton County State Court on two Uniform Traffic Citations — one alleging a "red light violation," and the other — "no license on person." Our statutes authorize trial in a state court of offenses in violation of our traffic code. OCGA § 17-7-71 (b). A state court is one which is vested with judicial power of this state. Art. VI, Sec. I, Par. I, Ga. Const. of 1983. An indictment is not required (OCGA § 15-7-46) and an accused may be tried upon the Uniform Traffic Citation. OCGA § 17-7-71 (b). The charges of the red light violation and driving without a license on the person are misdemeanor offenses. OCGA §§ 40-5-20; 40-5-29; 40-5-121 (a); 40-6-1; 40-6-20. Thus, the State has the power to determine these were traffic violations, these offenses were properly triable in the state court, and the police officer who issued the citations was performing the duties of his office. *Carr v. State*, 176 Ga. App. 113, 114-115 (335 SE2d 622). There was jurisdiction of the subject matter and the person. See *Hopkins v. Hopkins*, 237 Ga. 845 (1) (229 SE2d 751).

We have examined the remaining bases argued as error and find them to be without merit.

2. Appellant alleges error in the denial of his "Demand for Bill of Particulars." A "bill of particulars" is not a recognized pleading in the state of Georgia. *Brooks v. State*, 141 Ga. App. 725, 730 (3) (234 SE2d 541); *Smith v. State*, 139 Ga. App. 515, 519 (4) (228 SE2d 705). Further the purpose of a "bill of particulars" is to inform a defendant of the charges against him in sufficient detail to minimize surprise at trial. *United States v. Hawkins*, 661 F2d 436 (5th Cir. 1981). The grant of a motion for a bill of particulars lies within the sound discretion of the trial court and an appellate court will reverse only for abuse of that discretion. *United States v. Colson*, 662 F2d 1389 (11th Cir. 1981). When an indictment or accusation adequately informs an accused of the charges against him and his request for a bill of particulars seeks information beyond that necessary to enable him to prepare for trial and avoid surprise, denial of his motion is neither prejudicial nor an abuse of discretion. *United States v. Sheriff*, 546 F2d 604 (5th Cir. 1977).

Appellant's demand for a bill of particulars addressed such issues as: (1) Upon "whose *sworn* complaint" were these charges based? (2) "Is this Court acting as an administrative tribunal?" (3) "Does this

Court possess the ability and lawful authority to determine legal issues in the instant matter?" (4) "Does this Court possess the ability and lawful authority to determine statutory law in the instant matter?" (5) "Are the accusations in the instant matter brought pursuant to, or through: (a) Law of Nations? (b) Martial Law? (c) Administrative Law? [;] or by implied consent of Defendant, to any one or more of (a), (b), or (c), supra?" (6) "What or who is the corpus delecti?" (7) "Have the citations in the instant matter ever been filed with the Grand Jury of this County?" Clearly, the foregoing examples taken from the so-called bill of particulars are not germane to a determination of any issue properly before the trial court, nor are they of the genus common to bills of particulars. Although some of the myriad questions may have some relevance to an issue to make more definite and certain, we have thoroughly examined all requests made, and disregarding the nomenclature of the pleading (*McDonald v. State*, 222 Ga. 596, 597 (151 SE2d 121)) and addressing only the substance of the request, we find no abuse of discretion of the trial court and no merit to this enumeration.

3. It is argued that the trial court erred in not having a transcript made of the trial proceedings. This was a trial of two misdemeanors. OCGA §§ 40-5-20; 40-5-29; 40-5-121 (a); 40-6-1; 40-6-20. In misdemeanor cases, it is discretionary with the trial court as to whether the proceedings are transcribed. OCGA § 5-6-41 (b). Our legislature has decreed that the Uniform Traffic Citation shall serve as the "record of the disposition of the matter by the court before which the accused is brought. . . ." OCGA § 40-13-1. Thus, absent a demand for a transcript, prepared at the request of the demanding party, the reporting of such case is not required as a matter of law. *Sheriff v. State*, 184 Ga. App. 180 (361 SE2d 53).

We will note that the appellant has a right to have a record constructed under OCGA § 5-6-41 (g), but has not attempted to avail himself of this right. *Anderson v. Anderson*, 235 Ga. 115 (1) (218 SE2d 846); *Williams v. State*, 140 Ga. App. 87, 89 (230 SE2d 94). Appellant has the burden of showing error which has harmed him, and such error must be shown by the record (*Hancock v. Oates*, 244 Ga. 175, 176 (259 SE2d 437)) and this cannot be done by the brief. *Lowery v. Horn*, 147 Ga. App. 880 (251 SE2d 840). We find no error on the record before us.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 12, 1988.

Elwin Ward, *pro se.*

*John C. Carbo III, Solicitor,* for appellee.