A90A0675, A90A0676. ODOM v. THE STATE (two cases).

(396 SE2d 27)

COOPER, Judge.

Appellant was convicted following a bench trial of driving under the influence (OCGA § 40-6-391 (a)) and driving too fast for conditions (OCGA § 40-6-180). Case number A90A0675 is an appeal of his conviction for DUI and case number A90A0676 is an appeal of his conviction for driving too fast for conditions. On June 12, 1989, appellant's attorney signed a form waiver of arraignment and the case proceeded to a bench trial. The trial was not transcribed, consequently our record contains no transcript of the proceeding. Appellant raises the same eight enumerations of error in both appeals.

1. The first, third, fourth and eighth enumerations raise as error, respectively, the failure to grant a jury trial, the admission of appellant's inculpatory pre-trial statements, the admission of evidence of the blood alcohol testing of appellant and the failure to grant appellant's demurrer and motion to quash the accusations. The jury trial request, the evidentiary motions and the demurrer were waived by appellant when his counsel signed the waiver of arraignment form which stated that "[t]he undersigned also acknowledges that all motions, demands, demand for trial by jury and further pleadings shall be filed within five days after the arraignment date of this case, and that the failure to file such shall result in the waiver of those demands, motions and a trial by jury." The date of the waiver of arraignment was June 12, 1989; the motions in issue were filed on July 24, 1989; and appellant states he requested a jury trial on the date of the hearing, July 25, 1989. These requests were untimely, and no error occurred. See Uniform Superior Court Rule 31.1.

2. Appellant asserts in his second enumeration that the court erred in denying his request for a transcription of the proceedings at the State's expense. "OCGA § 5-6-41 (b) . . . provides that it lies within the discretion of the trial court to grant or deny an indigent the transcription of the trial of a misdemeanor. [Cit.]" *Hughes v. State*, 168 Ga. App. 413 (1) (309 SE2d 409) (1983). The record is devoid of any indication that the trial judge abused his discretion, consequently no error occurred. *Frasier v. State*, 160 Ga. App. 812 (1) (287 SE2d 669) (1982).

3. The fifth and sixth enumerations both raise error in connection with the trial court's refusal to consider documents produced by the Department of Transportation regarding the marking of the roadway, and the court's denial of appellant's request for a continuance to examine those documents. In the seventh enumeration, appellant contends that error occurred when the trial court granted the State's motion to quash appellant's subpoena of police personnel records. The subpoena was not included in the record. Any of the contended errors

must be shown by the record, and cannot be done by the brief. *Ward v. State*, 188 Ga. App. 372 (3) (373 SE2d 65) (1988). We find no error in the record before us, and, absent a transcript, "we must assume the ruling of the trial court is supported by the evidence." *Sheriff v. State*, 184 Ga. App. 180 (361 SE2d 53) (1987).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 27, 1990 —
REHEARING DENIED JULY 11, 1990 — CERT. APPLIED FOR.

*Arthur F. Millard*, for appellant.
*Keith C. Martin, Solicitor*, for appellee.