A04A0551. FERRERI v. THE STATE.
(600 SE2d 793)

SMITH, Chief Judge.

Jack J. Ferreri appeals his conviction on six of seven counts of child molestation after denial of his amended motion for new trial. Because we find that multiple hearsay statements were improperly admitted under the Child Hearsay Statute, OCGA § 24-3-16, we reverse and remand for further proceedings consistent with this opinion.

This appeal arises from the conviction of Ferreri for molestation of his biological daughter when she was between the ages of one and one-half and three and one-half years old. Multiple medical examinations of the victim found no physical evidence of molestation. No eyewitnesses testified, and the victim did not testify to any of the acts in court, stating in response to questions that she did not know or did not remember. Most of the evidence supporting the conviction consists of multiple out-of-court statements to various individuals admitted pursuant to OCGA § 24-3-16.[1] Four of the interviews were videotaped and appear in the record with transcripts. The remainder of the statements were testified to by witnesses at trial.

Ferreri contends the trial court erred in admitting the victim's hearsay statements under OCGA § 24-3-16. His motion in limine under OCGA § 24-3-16 was denied by the trial court. At the close of evidence, the trial court held a hearing pursuant to *Gregg v. State*, 201 Ga. App. 238 (411 SE2d 65) (1991), and ruled that the indicia of reliability were sufficient to admit all the statements. In its order denying Ferreri's amended motion for new trial, the trial court acknowledged that at least two of the statements should not have been admitted, but denied Ferreri's motion on the grounds that he had failed to preserve the issue.

The parameters for determining the reliability of a child victim's out-of-court hearsay statements are set out by OCGA § 24-3-16 and the cases interpreting that Code section. Specifically, the decisions have listed various factors tending to affect the reliability of such testimony:

> The factors which the court may consider, when applicable, include but are not limited to the following: (1) the atmosphere and circumstances under which the statement was made (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the

---

[1] Ferreri was also charged with aggravated child molestation on his stepdaughter, but the jury acquitted Ferreri on this count.

consistency between repeated out-of-court statements by the child.

(Citations and emphasis omitted.) *Gregg*, supra, 201 Ga. App. at 240 (3) (b). "These factors are to be applied neither in mechanical nor mathematical fashion, but in that manner best calculated to facilitate determination of the existence or absence of the requisite degree of trustworthiness." Id. at 241. In *Rolader v. State*, 202 Ga. App. 134 (413 SE2d 752) (1991), we listed several additional factors for consideration: consistency with known facts, repeated questioning or counseling by several people during the interview period, and whether the interviews were conducted by law enforcement personnel with the intention of gathering evidence against the accused. Id. at 140-141 (1). The purpose of these factors is to determine whether the child's statement shows "inherent reliability" and "particularized guarantees of trustworthiness" so that "cross-examination would be of marginal utility." (Citations and punctuation omitted.) Id.

In his brief, Ferreri lists a total of seventy-five statements to investigators and other witnesses made on approximately twelve occasions over a nine-month period. Of these, he contends that 55 were exculpatory in that the victim denied any improper conduct by Ferreri. The remainder alleged various types of sexual contact, some but not all of which were described in the indictment.

Some of the evidence admitted appears to have been spontaneous statements or actions by the victim indicating abuse by Ferreri, but it also appears, as the trial court acknowledged, that other statements present significant problems in light of *Gregg* and *Rolader*. Some questioning was conducted by a law enforcement officer, who was present at the first taped interview. At least one interview was "chaotic" because so many people were present in the room, although that was against department policy; the interviewer explained "that was my very first interview on sexual abuse and I wasn't clear on policy and what I was supposed to be doing and how to handle it."

Some interviews showed repeated denials and persistent questioning before an incriminating statement was made. The child had "just turned three" at the time of the first interview and the taped interviews took place over a seven-month period. In some interviews, the child repeatedly stated that she was tired and asked for the interview to stop. Rewards both tangible and verbal were given in response to incriminating statements or in attempting to elicit a statement.[2]

---

[2] One interviewer promised the victim small toys in exchange for answering questions;

Many of the victim's statements were contradictory, both with each other and internally. The allegations also arose in the context of an acrimonious divorce, and evidence appears in the record of possible "coaching" or prompting by the estranged wife[3] as well as multiple recorded interviews and additional unrecorded interviews.

Finally, testimony was adduced from two expert witnesses, one for the State and one for the defense, that preschool children are highly suggestible, that repeated questioning of a small child can influence statements, and that there is more likelihood of false disclosures during divorce proceedings.

We first note that Ferreri's objection to the introduction of this evidence was sufficient. Ferreri "filed a motion in limine to exclude the evidence, and when such motion has been filed, a defendant does not need to renew his objection at trial to preserve the issue on appeal." (Citations omitted.) *Crenshaw v. State*, 248 Ga. App. 505, 508 (3), n. 11 (546 SE2d 890) (2001); compare *Werner v. State*, 246 Ga. App. 677, 678 (1) (538 SE2d 168) (2000) (trial court reserved ruling on motion in limine). As the trial court acknowledged, at least some of the child hearsay evidence was improperly admitted, and a new trial therefore is required.

The Georgia Supreme Court has noted that failure to hold a pretrial *Gregg* hearing is not in itself error, but that such a hearing "may be advisable in some situations." *Reynolds v. State*, 257 Ga. 725, 726 (2) (363 SE2d 249) (1988). This is such a situation. The trial court's statements during the hearing on the motion in limine and in its order on the motion for new trial demonstrate that the court was cognizant of the difficulties inherent in ruling on a large number of statements — a process that it observed might take as long as the trial itself. But the purpose of a *Gregg* hearing is to allow the decision on admissibility to be made outside the hearing of the jury, so that improperly admitted hearsay evidence does not contaminate the remainder of the trial. The State, not Ferreri, chose to introduce four tape-recorded interviews and numerous other hearsay statements, and the burden is on the State to show that its evidence falls within the hearsay exception created by OCGA § 24-3-16.[4] "OCGA § 24-3-16 imposes a dual burden on the trial court and the proponent of child hearsay testimony. The State must present evidence proving the

---

another acknowledged that she gave the victim snacks, but denied they were a "bribe," and told the victim that she was "very glad" and "so proud of you" after the victim made incriminating statements.

[3] At one point, the victim made a spontaneous accusation immediately after being taken to the bathroom by her mother. The interviewer acknowledged that "we were concerned about what was said while they were in the bathroom, if anything. We weren't sure because we couldn't hear."

[4] The trial court noted that the State did not "attempt to assist this Court in this task."

child's reliability, and the court must assess that evidence." *Roberson v. State*, 241 Ga. App. 226, 228 (1) (526 SE2d 428) (1999) (physical precedent only).[5] Given the evidence of tender age, inconsistent statements, coaching, involvement of law enforcement, the sheer number of statements introduced by the State, and the fact that the child hearsay statements formed the bulk of the evidence against Ferreri, a pretrial *Gregg* hearing was necessary to prevent the harm that did, in fact, occur in this case.

We therefore reverse the judgment of the trial court and remand the case for a new trial. We further instruct the trial court to determine *before trial* the admissibility under the *Gregg* standard of each child hearsay statement offered by the State. We need not reach Ferreri's remaining enumerations of error as they are unlikely to recur upon retrial.

*Judgment reversed and remanded with direction. Johnson, P. J., and Phipps, J., concur.*

DECIDED JUNE 14, 2004.

*Hollberg & Weaver, George M. Weaver, John P. Tucker, Jr.*, for appellant.

*N. Stanley Gunter, District Attorney, William J. Langley, Kerry I. Banister, Assistant District Attorneys*, for appellee.

---

[5] While *Roberson* is physical precedent only, the special concurrence did not take issue with this point of law.