A06A1395. JOHNSON v. THE STATE.
(635 SE2d 267)

SMITH, Presiding Judge.
Following a bench trial, Maurice Antoine Johnson was convicted of the misdemeanor offense of making a false report of a crime, OCGA

§ 16-10-26. The trial was neither taken down nor transcribed by the court reporter. In his sole enumeration of error, Johnson contends that the trial court erred by failing to have a transcript made of the trial and in accepting Johnson's waiver of the takedown. We find that the trial court did not abuse its discretion in accepting Johnson's waiver and affirm.

The record shows that Johnson was represented by appointed counsel. The record also includes a one-page transcript of Johnson's waiver of takedown. The transcript shows that the trial court inquired of Johnson's trial counsel whether he wished to have the proceedings recorded and that trial counsel answered: "No, Your Honor. It does not need to be recorded." Johnson's trial counsel was permitted to withdraw after the trial. On appeal, Johnson, through new counsel appointed for appeal, argues that his waiver of takedown and transcription was neither knowing nor voluntary. We do not agree.

Relying on *Green v. State*, 279 Ga. 687 (620 SE2d 788) (2005), *Hamilton v. State*, 233 Ga. App. 463 (504 SE2d 236) (1998), and *Jones v. State*, 276 Ga. App. 762 (624 SE2d 291) (2005), Johnson contends that the transcription of his decline of the takedown and the signed waiver, without more, are insufficient to show that he waived takedown knowing the ramifications of that decision. But the cases cited by Johnson are distinguishable in significant aspects. The rulings in *Hamilton* and *Jones* involve waiver of the right to counsel, and the ruling in *Green* addresses waiver of the right to trial by jury on a guilty plea. A trial court must ensure that a defendant waives those constitutionally guaranteed rights in a manner that is knowing and voluntary. When a defendant challenges that waiver, the State has the burden of showing that the defendant did so. See *Balbosa v. State*, 275 Ga. 574, 575 (1) (571 SE2d 368) (2002).

Here, Johnson was afforded appointed counsel and pled not guilty. Through counsel, he simply waived takedown of his bench trial. In felony cases, a transcript of the proceedings must be taken down. OCGA §§ 17-8-5 (b); 5-6-41 (a). Because Johnson stood trial for a misdemeanor and did not elect to have the proceedings taken down, whether the proceedings were reported was a matter within the trial court's discretion. OCGA § 5-6-41 (b); *Ward v. State*, 188 Ga. App. 372, 374 (3) (373 SE2d 65) (1988); *Sheriff v. State*, 184 Ga. App. 180 (361 SE2d 53) (1987). Johnson also failed to avail himself of the remedy set out in OCGA § 5-6-41 (g), which provides a means of using the parties' recollection to reconstruct the proceedings. *Ward*, supra at 374 (3).

This court decided this issue adversely to Johnson in *Williams v. State*, 140 Ga. App. 87 (230 SE2d 94) (1976). We stated in *Williams*:

Absent a demand for a transcript prepared at the expense of the requesting party, the reporting of such a case is not demanded by law. There being no demand by appellant, we will not conclude that he has been denied a transcript of his misdemeanor conviction. He has sat on his right to furnish a recollected record. In the absence of a violation of a substantive constitutional right, we will not saddle upon the trial courts of this state a sua sponte duty to foresee and advise an accused of potential procedural remedies available to the accused in the event the case takes some particular turn. In the absence of any cognizable prejudicial error, we affirm the judgment of the court below.

(Citations omitted.) Id. at 89. The trial court therefore committed no error in accepting Johnson's waiver of the takedown.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

## DECIDED AUGUST 2, 2006.

*James W. Bradley*, for appellant.
*Leslie Miller-Terry, Solicitor-General, Maurice Brown*, for appellee.

