## A09A0355. BAGLEY v. THE STATE.
### (680 SE2d 565)

DOYLE, Judge.

Following a jury trial, Christopher Bagley appeals his misdemeanor conviction of criminal trespass,[1] disorderly conduct,[2] family violence battery[3] (two counts), and cruelty to animals,[4] contending that the trial court erred by denying his motion for new trial, by (1) failing to order transcription of the trial without first ascertaining Bagley's indigence status or obtaining a waiver of the transcription, (2) conducting a hearing on Bagley's post-conviction motion for a sentence reduction without adequate legal representation, and (3) denying his motion for new trial on the basis of ineffective assistance of trial counsel. Discerning no error, we affirm.

1. Bagley contends that the trial court erred by failing to order transcription of his misdemeanor proceeding without ascertaining

---

[1] OCGA § 16-7-21 (a).

[2] OCGA § 16-11-39 (a).

[3] OCGA § 16-5-23.1 (f).

[4] OCGA § 16-12-4 (b).

514

Bagley's indigence status or obtaining a waiver from Bagley. We disagree.

> OCGA § 5-6-41 addresses the requirements for the reporting and preparation of transcripts of evidence in trial proceedings. OCGA § 5-6-41 (b) provides that "in misdemeanor cases, the trial judge may, in his discretion, require the reporting and transcribing of the evidence and proceedings on terms prescribed by him." OCGA § 5-6-41 (j) provides, "in all cases, civil or criminal, any party may have the case reported at his own expense."[5]

Here, it is undisputed that Bagley's trial was not transcribed, and it appears from the record that neither Bagley nor his retained attorney requested that the trial be transcribed.

> As a matter of law, whether or not a transcript is to be prepared in a misdemeanor case initially lies within the sound discretion of the trial court. Absent a demand for a transcript prepared at the expense of the requesting party, the reporting of such a case is not demanded by law. There being no demand by appellant, we will not conclude that he has been denied a transcript of his misdemeanor conviction.[6]

Bagley's argument that the trial court had a duty to advise him of the right to obtain transcription at his own expense, assess his indigency, or otherwise counsel him about the perfection of a trial record is without merit. Bagley

> has sat on his right to furnish a recollected record[, pursuant to OCGA § 5-6-41 (g) or (i), and i]n the absence of a violation of a substantive constitutional right, we will not saddle upon the trial courts of this state a sua sponte duty to foresee and advise an accused of potential procedural remedies available to the accused in the event the case takes some particular turn.[7]

"Because [Bagley] stood trial for a misdemeanor and did not elect to have the proceedings taken down, whether the proceedings were

---

[5] (Punctuation omitted.) *Williams v. State*, 254 Ga. 690 (333 SE2d 613) (1985).

[6] (Citations omitted.) *Williams v. State*, 140 Ga. App. 87, 89 (230 SE2d 94) (1976).

[7] (Citation omitted.) Id.

reported was a matter within the trial court's discretion."[8]

2. Bagley contends that he is entitled to a new trial because the trial court erred in conducting a hearing on his motion for a sentence reduction without assuring that Bagley was adequately represented by counsel. We disagree.

We note at the outset that Bagley would not be entitled to a new trial based on an improper sentence. The remedy for such an error would be to preserve the finding of guilt but remand for resentencing.[9] Nevertheless, to the extent this direct appeal seeks resentencing due to error in the sentencing process itself, we address that issue.

After trial, Bagley filed a pro se motion for sentence reduction, seeking leniency due to his wife's pregnancy and explaining that he would have taken a plea deal had he known she was pregnant before trial. The trial judge scheduled a hearing on the motion, and Bagley's trial counsel, upon receiving a letter from the court notifying him of the hearing, attended the hearing and explained Bagley's position and the fact that he no longer represented Bagley. Following the hearing, which was also not transcribed, the trial court denied the motion.

Pretermitting whether Bagley was constitutionally entitled to representation by appointed counsel at a post-conviction hearing on his pro se motion for sentence reduction,[10] we conclude that Bagley was not harmed under the facts presented. The record shows that Bagley's trial counsel (who represented Bagley during the initial sentencing) attended the hearing and stated that he did not represent Bagley but nevertheless explained Bagley's position to the trial court. The trial court's order noted the presence of Bagley's trial attorney, and Bagley did not apparently object to the presence of his attorney. Bagley's motion did not assert that the sentence itself was unauthorized by law or otherwise void; Bagley's motion merely sought an adjustment of his sentence based on a re-exercise of the trial court's discretion and did not require an evidentiary hearing, legal arguments, and/or briefs of the parties.[11] Accordingly, under the

---

[8] (Citations omitted.) *Johnson v. State*, 280 Ga. App. 882, 883 (635 SE2d 267) (2006). See also *Parker v. State*, 154 Ga. App. 668, 669 (1) (269 SE2d 518) (1980) ("where the trial court, sua sponte, has not ordered [transcription], the indigent defendant, on trial on a misdemeanor charge, must make a request or motion to the trial court that the evidence and proceedings be reported and transcribed").

[9] See *Gilpatrick v. State*, 226 Ga. App. 692, 696 (487 SE2d 461) (1997).

[10] See, e.g., *Reece v. Pettijohn*, 229 Ga. 619 (193 SE2d 841) (1972) ("[t]he failure to furnish counsel to one convicted of a criminal offense at the hearing to revoke his probation does not violate his right to counsel under the Federal or the State Constitution") (punctuation omitted).

[11] Compare *Fortson v. State*, 272 Ga. 457, 458-459 (1) (532 SE2d 102) (2000) (noting *State*

516

facts of this case, we discern no basis to remand for resentencing.

3. Finally, Bagley contends that his trial counsel rendered ineffective assistance because counsel failed to request transcription of the trial, and he failed to fully disclose the risks of replacing appointed counsel with retained counsel on the eve of trial. We discern no reversible error.

To succeed on his ineffective assistance claim, Bagley must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[12] "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case."[13] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.[14] In reviewing the trial court's decision, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[15]

With respect to Bagley's assertion that his counsel performed deficiently by failing to request that the misdemeanor trial be transcribed, we note at the outset even assuming that Bagley was indigent, he was not entitled to a free transcript as a matter of right because the proceeding was a trial for a misdemeanor offense.[16] The motion for new trial transcript shows that trial counsel did not request a transcript in light of the fact that it was a misdemeanor case, he did not believe Bagley could pay for it, and he believed Bagley's right to appeal would be preserved by the statutory substitute for a transcript.[17] The attorney testified that Bagley never insisted that a transcript be made and that counsel had personally appealed untranscribed cases using a statutory substitute for the

---

*v. Jackson*, 255 Kan. 455, 459 (874 P2d 1138) (1994) ("[i]t is clear that there is no constitutional right to counsel at each and every post-conviction proceeding or motion") (citation and punctuation omitted)).

[12] *Strickland v. Washington*, 466 U. S. 668, 687-688, 694-695 (III) (A)-(B) (104 SC 2052, 80 LE2d 674) (1984).

[13] (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[14] See *Strickland*, supra, 466 U. S. at 697 (IV); *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[15] (Citation and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

[16] See *Stanley v. State*, 267 Ga. App. 379, 380 (2) (599 SE2d 331) (2004) (whether to provide a free transcript to indigent defendant in a misdemeanor case is a matter within the trial court's discretion).

[17] See OCGA § 5-6-41 (f).

transcript, noting that he did not find it "that difficult at all if you have a reasonable basis for appealing." In light of this testimony, which reflects counsel's rational and informed decisions regarding trial tactics and the allocation of resources, Bagley has failed to demonstrate that his counsel performed deficiently.

With respect to Bagley's assertion that his counsel failed to explain the risks of retaining new counsel on the eve of trial, the transcript from the motion for new trial hearing reveals that Bagley's trial counsel met with Bagley the day before trial and for one or two additional hours on the morning of trial. Trial counsel testified that he told Bagley that he would likely be convicted, but Bagley insisted on going to trial because he was "guilty of nothing." To the extent that Bagley disputed this account at the hearing, the transcript contains evidence supporting the trial court's credibility determination, and we thus discern no clear error.[18] Counsel further testified at the hearing that counsel "was ready" for trial, he saw no reason for a continuance,[19] he had interviewed all of the witnesses and spoken to the solicitor-general, he believed he had "plenty" of time to prepare for the misdemeanor trial, and he was not "rushed" into the case. In light of this testimony, the trial court was authorized to find that counsel was adequately prepared, and Bagley did not meet his burden to demonstrate that counsel performed deficiently.[20]

Bagley's appellate brief lists without elaboration several other grounds for a finding of deficient performance. However, Bagley's trial counsel addressed the alleged deficiencies at the motion hearing and explained that each was a result of trial strategy or avoiding a meritless objection. As Bagley has not demonstrated through argument or citation to authority how those decisions were not a matter of reasonable trial strategy, he has failed to meet his burden under *Strickland*.[21]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

---

[18] See *Robinson*, 277 Ga. at 76.

[19] We note that the record reflects the case had been continued before in an order prohibiting further continuances absent legal cause.

[20] See *Hickey v. State*, 259 Ga. App. 240, 243 (2) (a) (576 SE2d 628) (2003) ("an attorney's representation is not deficient merely because of the number of visits with his client; rather, each situation must be judged upon its own circumstances and degree of complexity") (footnotes omitted).

[21] See *Watkins v. State*, 285 Ga. 355, 358 (2) (676 SE2d 196) (2009) ("tactical errors in that regard will not constitute ineffective assistance of counsel unless those errors are unreasonable ones no competent attorney would have made under similar circumstances") (citation omitted); *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993) ("[f]ailure to make a meritless objection cannot be evidence of ineffective assistance"). See also *Visser v. State*, 237 Ga. App. 798, 799 (516 SE2d 840) (1999) (failure to argue or provide legal citation in appellate brief abandons asserted error).

518

DECIDED JUNE 24, 2009.

*David P. Smith*, for appellant.
*Barry E. Morgan*, Solicitor-General, *Carlton T. Hayes*, Assistant
Solicitor-General, for appellee.